**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LUZ LOJA and MOISES QUIRINO,
*on behalf of themselves, FLSA Collective*
*Plaintiffs, and the Class,*

                  Plaintiffs,

               v.

TABERNACLE, LLC d/b/a TABERNACLE
STEAKHOUSE, KENNETH ROZENBERG,
BETH ROZENBERG, and DARYL HAGLER,

                  Defendants.

Case No. 1:25-cv-00038 (JPO)(KHP)

**DEFENDANTS' ANSWER TO**
**PLAINTIFFS' CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Defendants Tabernacle, LLC ("Tabernacle" or the "Restaurant"), Kenneth Rozenberg, and Beth Rozenberg (together with Tabernacle, "Defendants"), by and through their undersigned attorneys, for their Answer to the Class and Collective Action Complaint ("Complaint") of Plaintiffs Luz Loja and Moises Quirino ("Plaintiffs") respond as follows:

## AS TO "INTRODUCTION"

1. Defendants deny the allegations set forth in Paragraph "1" of Plaintiffs' Complaint, and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

2. Defendants deny the allegations set forth in Paragraph "2" of Plaintiffs' Complaint, and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

3. Defendants deny the allegations set forth in Paragraph "3" of Plaintiffs' Complaint, and further deny that Plaintiff Luz Loja is entitled to any relief whatsoever.

**AS TO "JURISDICTION AND VENUE"**

4. No response is required to the allegations set forth in Paragraph "4" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "4" of Plaintiffs' Complaint, except aver that jurisdiction is proper.

5. No response is required to the allegations set forth in Paragraph "5" of Plaintiffs' Complaint to the extent they state a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "5" of Plaintiffs' Complaint, except aver that venue is proper.

**AS TO "PARTIES"**

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of Plaintiffs' Complaint, except aver that Kenneth Rozenberg and Beth Rozenberg own Tabernacle Steakhouse, a restaurant located at 315 W 36tg Street, New York, NY 10018.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except aver that Kenneth Rozenberg owns Tabernacle.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except aver that Beth Rozenberg owns Tabernacle.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. No response is required to the allegations set forth in Paragraph "13" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "13" of Plaintiffs' Complaint.

14. No response is required to the allegations set forth in Paragraph "14" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "14" of Plaintiffs' Complaint, except for Defendants aver that Plaintiffs worked at Tabernacle.

15. No response is required to the allegations set forth in Paragraph "15" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "15" of Plaintiffs' Complaint, except aver that Plaintiffs worked at Tabernacle.

16. No response is required to the allegations set forth in Paragraph "16" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants admit the allegations set forth in Paragraph "16" of Plaintiffs' Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

17. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph "17" of Plaintiffs' Complaint, but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

18. Defendants deny the allegations set forth in Paragraph "18" of Plaintiffs' Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of Plaintiffs' Complaint.

## AS TO "RULE 23 CLASS ACTION ALLEGATIONS"

20. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph "20" of Plaintiffs' Complaint, but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

21. Defendants deny the allegations set forth in Paragraph "21" of Plaintiffs' Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of Plaintiffs' Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of Plaintiffs' Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of Plaintiffs' Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of Plaintiffs' Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of Plaintiffs' Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of Plaintiffs' Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of Plaintiffs' Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of Plaintiffs' Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of Plaintiffs' Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of Plaintiffs' Complaint, including subparagraphs (i) through (xvi).

## AS TO "STATEMENT OF FACTS"

*As to "Plaintiff Luz Loja"*

32. Defendants deny the allegations set forth in Paragraph "32" of Plaintiffs' Complaint, except aver that Plaintiff worked as a runner at the Restaurant for a period.

33. Defendants deny the allegations set forth in Paragraph "33" of Plaintiffs' Complaint, except aver that Plaintiff was paid at the lawful tipped minimum wage rate.

34. Defendants deny the allegations set forth in Paragraph "34" of Plaintiffs' Complaint.

*As to "Plaintiff Moises Quirino"*

35. Defendants deny the allegations set forth in Paragraph "35" of Plaintiffs' Complaint, except aver that Plaintiff worked as a chef at the Restaurant for a period.

36. Defendants deny the allegations set forth in Paragraph "36" of Plaintiffs' Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of Plaintiffs' Complaint, except aver the Plaintiff Moises Quirino was initially paid at an hourly rate, and eventually was paid at a salary rate when he was promoted to a managerial position.

*As to "Timeshaving Claims"*

38. Defendants deny the allegations set forth in Paragraph "38" of Plaintiffs' Complaint.

As to "Salaried FLSA Collective Plaintiffs' and Salaried Subclass' Claims"

39. Defendants deny the allegations set forth in Paragraph "39" of Plaintiffs' Complaint, except aver that Plaintiff Moises Quirino was an exempt managerial employee that was compensated for all hours worked at a weekly salary rate.

40. Defendants deny the allegations set forth in Paragraph "40" of Plaintiffs' Complaint.

As to "Tipped FLSA Collective Plaintiffs'' and Tipped Subclass' Claims"

41. Defendants deny the allegations set forth in Paragraph "41" of Plaintiffs' Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of Plaintiffs' Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of Plaintiffs' Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of Plaintiffs' Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of Plaintiffs' Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of Plaintiffs' Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of Plaintiffs' Complaint.

*As to "Class Members' Claims"*

48. Defendants deny the allegations set forth in Paragraph "48" of Plaintiffs' Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of Plaintiffs' Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of Plaintiffs' Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of Plaintiffs' Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of Plaintiffs' Complaint.

53. No response is required to the allegations set forth in Paragraph "53" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "53" of Plaintiffs' Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of Plaintiffs' Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of Plaintiffs' Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of Plaintiffs' Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of Plaintiffs' Complaint.

58. No response is required to the allegations set forth in Paragraph "58" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "58" of Plaintiffs' Complaint.

59. No response is required to the allegations set forth in Paragraph "59" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "59" of Plaintiffs' Complaint.

60. No response is required to the allegations set forth in Paragraph "60" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "60" of Plaintiffs' Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of Plaintiffs' Complaint.

62. No response is required to the allegations set forth in Paragraph "62" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "62" of Plaintiffs' Complaint.

63. No response is required to the allegations set forth in Paragraph "63" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "63" of Plaintiffs' Complaint.

64. No response is required to the allegations set forth in Paragraph "64" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "64" of Plaintiffs' Complaint.

65. No response is required to the allegations set forth in Paragraph "65" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "65" of Plaintiffs' Complaint.

66. No response is required to the allegations set forth in Paragraph "66" of Plaintiffs' Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "66" of Plaintiffs' Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of Plaintiffs' Complaint.

68. Defendants deny the allegations set forth in Paragraph "68" of Plaintiffs' Complaint.

69. Defendants deny the allegations set forth in Paragraph "69" of Plaintiffs' Complaint.

70. Defendants deny the allegations set forth in Paragraph "70" of Plaintiffs' Complaint.

71. Defendants deny the allegations set forth in Paragraph "71" of Plaintiffs' Complaint.

72. Defendants deny the allegations set forth in Paragraph "72" of Plaintiffs' Complaint.

73. Defendants deny the allegations set forth in Paragraph "73" of Plaintiffs' Complaint.

74. Defendants deny the allegations set forth in Paragraph "74" of Plaintiffs' Complaint.

*As to "Plaintiff Luz Loja's Discrimination Claim:"*

75. Defendants deny the allegations set forth in Paragraph "75" of Plaintiffs' Complaint.

76. Defendants deny the allegations set forth in Paragraph "76" of Plaintiffs' Complaint.

77. Defendants deny the allegations set forth in Paragraph "77" of Plaintiffs' Complaint.

78. Defendants deny the allegations set forth in Paragraph "78" of Plaintiffs' Complaint.

79. Defendants deny the allegations set forth in Paragraph "79" of Plaintiffs' Complaint.

80. Defendants deny the allegations set forth in Paragraph "80" of Plaintiffs' Complaint.

81. Defendants deny the allegations set forth in Paragraph "81" of Plaintiffs' Complaint, except aver that Plaintiff Loja was terminated for performance issues.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "82" of the Complaint, except aver that Lee Litigation Group, PPLC represents Plaintiffs.

## AS TO "STATEMENT OF CLAIM"

## AS TO "COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT"

83. Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "82" of Plaintiffs' Complaint as though fully set forth herein.

84. Defendants deny the allegations set forth in Paragraph "84" of Plaintiffs' Complaint.

85. Defendants deny the allegations set forth in Paragraph "85" of Plaintiffs' Complaint, except aver that Plaintiffs were employees of the Restaurant.

86. Defendants admit the allegations set forth in Paragraph "86" of Plaintiffs' Complaint.

87. Defendants deny the allegations set forth in Paragraph "87" of Plaintiffs' Complaint.

88. Defendants deny the allegations set forth in Paragraph "88" of Plaintiffs' Complaint.

89. Defendants deny the allegations set forth in Paragraph "89" of Plaintiffs' Complaint.

90. Defendants deny the allegations set forth in Paragraph "90" of Plaintiffs' Complaint, except aver that the Restaurant maintains records of hours worked by and wages paid to Plaintiffs and other employees of the Restaurant. Defendants further admit that Plaintiffs purport to proceed as set forth in Paragraph "90" of Plaintiffs' Complaint.

91. Defendants deny the allegations set forth in Paragraph "91" of Plaintiffs' Complaint.

92. Defendants deny the allegations set forth in Paragraph "92" of Plaintiffs' Complaint.

93. Defendants deny the allegations set forth in Paragraph "93" of Plaintiffs' Complaint and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

94. Defendants deny the allegations set forth in Paragraph "94" of Plaintiffs' Complaint and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

95. Defendants deny the allegations set forth in Paragraph "95" of Plaintiffs' Complaint and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

### AS TO "COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW"

96. Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "95" of Plaintiffs' Complaint as though fully set forth herein.

97. Defendants deny the allegations set forth in Paragraph "97" of Plaintiffs' Complaint, except aver that Plaintiffs were employees of the Restaurant.

98. Defendants deny the allegations set forth in Paragraph "98" of Plaintiffs' Complaint.

99. Defendants deny the allegations set forth in Paragraph "99" of Plaintiffs' Complaint.

100. Defendants deny the allegations set forth in Paragraph "100" of Plaintiffs' Complaint.

101. Defendants deny the allegations set forth in Paragraph "101" of Plaintiffs' Complaint.

102. Defendants deny the allegations set forth in Paragraph "102" of Plaintiffs' Complaint.

103. Defendants deny the allegations set forth in Paragraph "103" of Plaintiffs' Complaint.

104. Defendants deny the allegations set forth in Paragraph "104" of Plaintiffs' Complaint.

105. Defendants deny the allegations set forth in Paragraph "105" of Plaintiffs' Complaint.

106. Defendants deny the allegations set forth in Paragraph "106" of Plaintiffs' Complaint.

107. Defendants deny the allegations set forth in Paragraph "107" of Plaintiffs' Complaint.

108. Defendants deny the allegations set forth in Paragraph "108" of Plaintiffs' Complaint and further deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

### AS TO "COUNT III

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST PLAINTIFF LUZ LOJA"

109. Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "108" of Plaintiffs' Complaint as though fully set forth herein.

110. Defendants deny the allegations set forth in Paragraph "110" of Plaintiffs' Complaint, except aver that Plaintiff Loja was an employee of the Restaurant.

111.    Defendants deny the allegations set forth in Paragraph "111" of Plaintiffs' Complaint.

112.    Defendants deny the allegations set forth in Paragraph "112" of Plaintiffs' Complaint.

113.    Defendants deny the allegations set forth in Paragraph "113" of Plaintiffs' Complaint.

114.    Defendants deny the allegations set forth in Paragraph "114" of Plaintiffs' Complaint.

115.    Defendants deny the allegations set forth in Paragraph "115" of Plaintiffs' Complaint.

116.    Defendants deny the allegations set forth in Paragraph "116" of Plaintiffs' Complaint and further deny that Plaintiff Loja is entitled to any relief whatsoever.

117.    Defendants deny the allegations set forth in Paragraph "117" of Plaintiffs' Complaint and further deny that Plaintiff Loja is entitled to any relief whatsoever.

## AS TO "COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST PLAINTIFF LUZ LOJA"

118.    Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "117" of Plaintiffs' Complaint as though fully set forth herein.

119.    Defendants deny the allegations set forth in Paragraph "119" of Plaintiffs' Complaint, except aver that Plaintiff Loja was an employee of the Restaurant.

120.    Defendants deny the allegations set forth in Paragraph "120" of Plaintiffs' Complaint.

121.    Defendants deny the allegations set forth in Paragraph "121" of Plaintiffs' Complaint.

122.    Defendants deny the allegations set forth in Paragraph "122" of Plaintiffs' Complaint.

123.    Defendants deny the allegations set forth in Paragraph "123" of Plaintiffs' Complaint.

124.    Defendants deny the allegations set forth in Paragraph "124" of Plaintiffs' Complaint and further deny that Plaintiff Loja is entitled to any relief whatsoever.

125.    Defendants deny the allegations set forth in Paragraph "125" of Plaintiffs' Complaint and further deny that Plaintiff Loja is entitled to any relief whatsoever.

## AS TO "PRAYER FOR RELIEF"

126.    Defendants deny the allegations contained in the "Prayer for Relief" clause of Plaintiffs' Complaint, including the alphabetized subparagraphs (a) through (q).

## AS TO "JURY DEMAND"

127.    Defendants aver that Plaintiffs demand a trial by jury as set forth the "Jury Demand" Paragraph of Plaintiffs' Complaint.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

128.    Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiffs. Defendants reserve the right to amend their answer and to assert any additional affirmative and other defenses as may become available or apparent during the course of this litigation.

## AS AND FOR A FIRST DEFENSE

129.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SECOND DEFENSE

130.    Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly-situated persons.

## AS AND FOR A THIRD DEFENSE

131.    The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiffs failed to report or give notice of the allegations upon which Plaintiffs base Plaintiffs' claims in the Complaint to their employer and/or failed to avail themselves of their employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly-situated persons.

## AS AND FOR A FOURTH DEFENSE

132.    Subject to proof through discovery, some or all of Plaintiffs' claims are barred by the doctrines of laches, estoppel, offset, recoupment, waiver and/or other equitable defenses.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A FIFTH DEFENSE

133.    Plaintiffs are not entitled to equitable relief insofar as Plaintiffs have an adequate remedy at law.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SIXTH DEFENSE

134.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SEVENTH DEFENSE

135.    Subject to proof through discovery, Plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent or because Plaintiffs otherwise fall within a classification of individuals who may not recover under the causes of action alleged.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR AN EIGHTH DEFENSE

136.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A NINTH DEFENSE

137.    Plaintiffs' claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the Fair Labor Standards Act.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A TENTH DEFENSE

138.    Plaintiffs' claims cannot be certified as a class action because they fail to meet the factors set forth in Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR AN ELEVENTH DEFENSE

139.    Plaintiffs' claims do not satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

## AS AND FOR A TWELFTH DEFENSE

140.     Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, credits, and/or offsets under the FLSA and/or state law.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A THIRTEENTH DEFENSE

141.     Defendants' actions with respect to Plaintiffs were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and applicable state laws.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A FOURTEENTH DEFENSE

142.     Defendants' actions with respect to Plaintiffs were taken in good faith with reasonable grounds to believe such conduct comported with applicable law, including the FLSA and 29 U.S.C. § 260.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A FIFTEENTH DEFENSE

143.     Plaintiffs are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA or NYLL.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SIXTEENTH DEFENSE

144.   Even if Plaintiffs prevail, their damage claims, including their claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SEVENTEENTH DEFENSE

145.   The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendants would result in the unjust enrichment of the Plaintiffs.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR AN EIGHTEENTH DEFENSE

146.   Plaintiff Loja's employment, at all relevant times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

## AS AND FOR A NINETEENTH DEFENSE

147.   Plaintiff Loja's Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in protected activity.

## AS AND FOR A TWENTIETH DEFENSE

148.   Plaintiff Loja's Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in protected activity.

16

## AS AND FOR A TWENTY-FIRST DEFENSE

149.    No act or omission on the part of Defendants was the cause, whether proximate, legal or otherwise, or a substantial factor in causing any loss, damage or injury alleged to have been sustained by Plaintiffs.

## AS AND FOR A TWENTY-SECOND DEFENSE

150.    Each and every action taken by Defendant with respect to Plaintiff Loja was taken for legitimate, non-discriminatory and non-retaliatory business reason(s) and would have been taken regardless of Plaintiff's engagement in alleged protected activity or membership in a protected group.

## AS AND FOR A TWENTY-THIRD DEFENSE

151.    Plaintiff Loja's claims are barred and/or any recovery of damages are precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

## AS AND FOR A TWENTY-FOURTH DEFENSE

152.    Plaintiff Loja's claims are barred, in whole or in part, because Plaintiff Loja did not suffer any damages attributable to any allegedly wrongful conduct by Defendants and/or any damages or injuries were caused by Plaintiff Loja's own conduct.

## AS AND FOR A TWENTY-FIFTH DEFENSE

153.    Plaintiff Loja's claims for damages are barred, in whole or in part, because Plaintiff Loja failed to mitigate and/or minimize her alleged damages.

## AS AND FOR A TWENTY-SIXTH DEFENSE

154.    The damages sought by Plaintiff Loja exceed the scope of available damages for the respective claims.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

155.    Plaintiff Loja's claims are barred, in whole or in part, to the extent punitive damages are not available for the claims alleged and/or because Defendants did not engage in conduct with the required level of culpability to justify an award of punitive damages and/or because Defendants exercised reasonable care and good faith efforts to prevent workplace discrimination in compliance with all applicable laws.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

156.    Plaintiff Loja's claims are barred or reduced to the extent any injury to Plaintiff Loja was caused by acts or omissions of third parties for whom Defendants are not responsible.

## ADDITIONAL RESPONSE

157.    Defendants currently have insufficient information upon which to form a belief as to whether there may exist additional, as yet unstated, defenses beyond those listed above.  Defendants reserve the right to assert additional defenses in the event that discovery indicates additional defenses are appropriate.

WHEREFORE, Defendants pray that the Court:

(a)    Dismiss Plaintiffs' Complaint in its entirety with prejudice;

(b)    Deny the demand and prayer for relief contained therein;

(c)    Award Defendants their reasonable costs and fees incurred in defending this action; and

(d)     Grant such other and further relief to Defendants as the Court deems just

and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000

Dated: March 17, 2025          By:     _____
       New York, New York              Richard I. Greenberg
                                       Catalina Cadavid

                                       ATTORNEYS FOR DEFENDANTS
                                       TABERNACLE, LLC, KENNETH ROZENBERG,
                                       and BETH ROZENBERG

19