# LEE LITIGATION GROUP, PLLC
148 W. 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

July 2, 2025

**Via ECF**
The Honorable Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:   *Loja et al v. Tabernacle, LLC et al*
                      Case No.: 1:25-cv-00038

Dear Judge Parker:

      We are counsel to Plaintiffs and write with consent for settlement purposes only of counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice.  Attached hereto as **Exhibit A**, please find the parties' Settlement Agreement and Release (the "Settlement Agreement").

      The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $30,000 for Plaintiffs' wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiffs' Range of Possible Recovery**

Defendants agree to pay the total sum of $30,000, of which $10,000 is being allocated to Plaintiff Luz Loja and $10,000 is being allocated to Plaintiff Moises Quirino, plus $10,000 to Plaintiffs' counsel which includes both expenses incurred ($402) and legal fees ($9,598). Considering the claims, defenses and significant risks should this case not settle and proceed, the allocated amounts are fair and reasonable, provide for an over 77% recovery based on Plaintiffs' asserted theories of liability, which result in damages totaling $8,510.64 for Plaintiff Loja, and $17,568.57 for Plaintiff Quirino.

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. Therefore, they are a best-case scenario. Even though Defendants contest the facts alleged by Plaintiffs, and contend that Plaintiffs are owed less because in their view, Plaintiff Loja received valid tip credit notice, did not work through her meal breaks, and that Plaintiff Quirino was properly classified as exempt, such that if anything, the settlement of Plaintiffs' wage-hour claims constitutes to a full recovery of Plaintiffs' alleged FLSA back wages based on Plaintiffs' asserted theories of liability. If Defendants were to succeed at trial in establishing that Plaintiffs were correctly compensated for all hours they worked, or that Plaintiff Quirino was properly not misclassified as alleged, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payment they are receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiffs were compensated for all hours worked, that they claimed a valid tip credit against Plaintiff Loja's wages and that Plaintiff Quirino was properly classified as exempt; however, Defendants face anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiffs believe the amount of $30,000 is a fair result, obtaining a substantial recovery of their alleged back wages based on Plaintiffs' asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiffs as they would face the possibility of receiving a smaller amount than what is allocated to them in the settlement, or possibly no amount at all. Claims such as Plaintiffs, which include an alleged invalid tip credit, time shaving and misclassification, are rarely proven on the records, and would require significant supporting witness testimony. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive a substantial recovery their alleged FLSA back wages based on Plaintiffs' asserted theories of liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $30,000 settlement amount, $10,000 is allocated to attorneys' fees and costs, including $402 in costs (See **Exhibit B**, Costs Breakdown). The legal fees of $9,598 equal 31.99% of the settlement amount, under one-third. Courts in this Circuit typically approve attorneys' fees that range under 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Plaintiffs' counsel represents that it has incurred a lodestar of $9,880[1] litigating this case. The settlement, including the attorneys' fees and expenses, should be approved as fair.

Plaintiffs' counsel's fees are fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing case management plan, preparing for and attending the initial conference, preparing Plaintiffs' discovery requests, preparing Plaintiffs' discovery production, reviewing Defendants' discovery production, preparing a letter motion regarding a discovery dispute, negotiating settlement with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission. The legal fees of $9,598 will be allocated to Plaintiff's counsel representing the portion of hours spent in related to Plaintiffs' wage and hour claims, which the parties believe is fair and reasonable.

While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline the factors for approving a settlement, certain red-flag issues were identified such as confidentiality, general releases and attorneys' fees over 40%. 796 F.3d at 206. This agreement contains no such red flags. Therefore, based on the above, the $30,000 settlement not only falls within the range of reasonableness, but provides an excellent recovery for the Plaintiffs in light of the best possible recovery and risks of litigation, and therefore should be approved.

*       *       *

In view of the foregoing, we respectfully request that the Court approve the Settlement and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

---

[1] Should the Court so require, Plaintiffs' counsel will submit time records in support.

3

Respectfully submitted,

  */s/ C.K. Lee*
C.K. Lee, Esq.

Encl.

4